2003 UT App 360

**BIO–THRUST, INC., a dissolved Utah corporation; and John Michael Coombs, a shareholder thereof, Petitioners and Appellants,**

v.

**DIVISION OF CORPORATIONS, a subagency of the Department of Commerce, an agency of the State of Utah; Kathy Berg, its director; and John and Jane Does I–XX, employees and former employees and agents of the Division of Corporations, Respondents and Appellees.**

No. 20020867–CA.

Court of Appeals of Utah.

Oct. 23, 2003.

John Michael Coombs, Mabey & Coombs, Salt Lake City, for Appellants.

Mark L. Shurtleff and Alain C. Balmanno, Assistant Attorney General, Salt Lake City, for Appellees.

Before JACKSON, P.J., BILLINGS, Associate Presiding Judge, and THORNE, J.

## OPINION

JACKSON, Presiding Judge:

¶ 1 Bio–Thrust, Inc. (Bio–Thrust) and John Michael Coombs (Coombs) appeal an order from the district court granting the Division of Corporations's (the Division) motion to dismiss. In its ruling, the district court held that neither Bio–Thrust nor Coombs had standing to contest Bio–Thrust's 1991 involuntary dissolution. We affirm.

## BACKGROUND

¶ 2 Bio–Thrust was incorporated in 1981. In 1990, Bio–Thrust failed to file an annual report as required by Utah law. Based on this failure, the Division declared Bio–Thrust delinquent on August 1, 1990. According to the Division, it notified Bio–Thrust of the delinquency determination by letter. The Division also alleges that this letter informed Bio–Thrust that its corporate status would be suspended if the annual report was not filed within thirty days. Due to Bio–Thrust's failure to respond to this letter or to file the required report, Bio–Thrust's corporate status was suspended on September 1, 1990. According to the Division, a letter was then sent notifying Bio–Thrust that, pursuant to the terms of the Utah Code, its corporate status would be dissolved if it did not file the required report within 120 days. Bio–Thrust again failed to respond or to file the required report. Accordingly, on January 1, 1991, the Division dissolved Bio–Thrust's corporate status. According to the Division, it notified Bio–Thrust of the dissolution by letter.

¶ 3 According to the terms of the Utah Code provisions in effect at the time of the dissolution, Bio–Thrust had one year from the date of dissolution in which it could seek reinstatement. *See* Utah Code Ann. § 16–10–88.2(5) (1991). Bio–Thrust took no action during that year to either file the required report or to appeal to the Division for reinstatement.

¶ 4 On June 29, 2001, a full ten years after its dissolution, Bio–Thrust petitioned the Division for a reinstatement of its corporate status. The Division denied this petition. Bio–Thrust then appealed the denial of its petition to the Third District Court. Bio–

Thrust argued that the Division's failure to keep copies of the notices that had been sent to Bio–Thrust in 1990 rendered the subsequent dissolution a nullity. Bio–Thrust further alleged that the dissolution statute was unconstitutional on its face and as applied. Bio–Thrust was joined as the named petitioner in the action by John Michael Coombs, a Bio–Thrust shareholder who had been appointed as its president several years after the dissolution.

¶ 5 In response, the Division filed a motion to dismiss, arguing that neither Bio–Thrust nor Coombs had standing to contest the decade-old dissolution order. The Division supported its contention that Bio–Thrust had actually been dissolved by reference to an internal computer record kept by the Division indicating that the required notices had been timely sent. The district court accepted the Division's offer of proof regarding the dissolution, and accordingly granted the Division's motion to dismiss the claims for a lack of standing.

¶ 6 Bio–Thrust and Coombs appeal, arguing (i) that the dissolution statute was unconstitutional on its face and as applied, and (ii) that the Division's failure to keep copies of the notices of delinquency, suspension, and dissolution renders the Division's subsequent efforts to enforce the dissolution a nullity.

## ANALYSIS

¶ 7 A court's determination that a party lacks standing is a legal determination that we review without deference. *See Salt Lake City Corp. v. Property Tax Div.*, 1999 UT 41, ¶ 9, 979 P.2d 346. Further, the issue of whether a party had standing is a "threshold" determination that must be addressed first. *Id.*

### I. Bio–Thrust's Standing

¶ 8 In *Holman v. Callister, Duncan & Nebeker*, we noted that, "[u]nder the common law, a corporation ceased to exist at dissolution." 905 P.2d 895, 897 (Utah Ct.App.1995). "For that reason, a dissolved corporation was 'incapable of maintaining an action; and *all such actions* pending at the time of dissolution abate, in the absence of a statute to the contrary.' " *Id.* at 898 (citation omitted) (emphasis added). In accordance with this well-established principle of law, the Utah Code provision that was in effect at the time of Bio–Thrust's involuntary dissolution did allow dissolved corporations one limited exception to the general rule of legal incapacity. *See* Utah Code Ann. § 16–10–88.2(4) (1991) ("No corporation so dissolved may be revived under this chapter or Section 59–7–157, *except as set forth in Subsection (5).*" (Emphasis added.)). Under the terms of section 16–10–88.2(5), "[a]ny corporation which has been dissolved under this section may, *within one year* from the date of dissolution, be reinstated upon application and payment of all past due taxes, penalties, and reinstatement fees." (Emphasis added.)

¶ 9 According to the internal records kept by the Division, Bio–Thrust was dissolved on January 1, 1991.[1] Thus, Bio–Thrust's legal capacity to challenge its dissolution expired on January 1, 1992. Given that the present action was not filed until April 17, 2002, we hold that the trial court was correct in dismissing Bio–Thrust's petition based on a lack of standing.

### II. Coombs's Standing

¶ 10 In *Stocks v. United States Fidelity & Guaranty Co.*, we held that " 'even

---

1. Bio–Thrust further argues that the district court improperly relied upon the internal records kept by the Division in determining that a dissolution had actually occurred in January 1991. Bio–Thrust contends that the failure of the Division to keep copies of the notices that were sent to Bio–Thrust should prove fatal to the Division's efforts to enforce that dissolution now. As noted by the district court, however, there was no provision in the 1991 Utah Code requiring the Division to maintain copies of the notices that it sent to corporations regarding its dissolution orders. *See generally* Utah Code Ann. § 16–10–88.2 (1991). We further note that Bio–Thrust has not contested the Division's assertions that it failed to file the required annual report in 1990. Additionally, Bio–Thrust has not indicated that it has taken any steps in the ensuing decade to rectify this error. Given the statutory silence, and given Bio–Thrust's subsequent, continued failure to comply with the corporate reporting requirements, we decline to accept Bio–Thrust's argument that the Division's failure to keep copies of the notices should render the dissolution order a nullity.

though a shareholder owns all, or practically all, of the stock in a corporation, such a fact does not authorize him to sue as an individual for a wrong done by a third party to the corporation.'" 2000 UT App 139,¶ 11, 3 P.3d 722 (quoting *Norman v. Murray First Thrift & Loan Co.*, 596 P.2d 1028, 1031–32 (Utah 1979)). However, we also recognized a "narrow exception" to this rule, whereby an individual stockholder may sue a third party if the third party's actions " 'damaged the shareholder *as an individual rather than a shareholder.*'" *Id.* (citation omitted) (emphasis in original). Such cases necessarily arise in situations where the alleged wrongdoer violates a duty that is " 'owed directly to the shareholder.'" *Id.* (citation omitted).

¶ 11 Here, Coombs's arguments that he has individual standing to petition the court to overturn the involuntary dissolution order are unavailing. Coombs has not identified any harm that he has suffered that is not directly derived from his status as a shareholder. Instead, Coombs has simply identified the effects that Bio–Thrust's dissolution has had on its shareholders, and has then attempted to characterize those harms as direct harms that he has suffered personally. Such a characterization, however, does not comport with the realities of corporate law.

¶ 12 In *DLB Collection Trust v. Harris,* we held that a shareholder's losses, allegedly suffered as a result of another shareholder's mismanagement of corporate assets, were in fact corporate injuries that were not "distinct" to the individual shareholder. 893 P.2d 593, 598 (Utah Ct.App.1995). Thus, "it is the corporation that has suffered direct injury, and any damage resulting to the stockholder is merely indirect." *Id.* at 597. Here, Coombs has not suffered any injury

that was direct to his own person, property, or personal legal status, nor has he incurred a loss that would have been suffered irrespective of his status as a shareholder. As in *DLB Collection Trust,* Coombs simply complains of an injury that was direct to Bio–Thrust as a corporation, with any damage that impacted him as a stockholder merely occurring as an indirect byproduct of that corporate harm.

¶ 13 Thus, we do not think that the "narrow exception" that was recognized in *Stocks, see* 2000 UT App 139 at ¶ 11, 3 P.3d 722, can be read so broadly so as to encompass the losses incurred here by Coombs, and we accordingly hold that the district court was correct in ruling that Coombs lacks standing in the present action.[2]

## CONCLUSION

¶ 14 Because of our determination that the petitioners lack standing to pursue this action, we need not reach the merits of petitioners' other claims. *See Barnard v. Motor Vehicle Div.*, 905 P.2d 317, 322 (Utah Ct.App. 1995) (holding that a petitioner's failure to establish standing leaves the court with "no choice but to dismiss the appeal as being beyond our jurisdiction to entertain").

¶ 15 Accordingly, we affirm.

¶ 16 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

2. Coombs also argues that he has standing under rule 23.1 of the Utah Rules of Civil Procedure. We disagree. Rule 23.1 allows shareholders to file derivative actions only to enforce rights of the corporation that "may properly be asserted" by the corporation itself. As discussed above, Bio–Thrust failed to challenge the dissolution order within the one-year time frame provided for in the Utah Code. Thus, insofar as Bio–Thrust's actions have caused it to forego the right to challenge the dissolution order, Coombs's right to do so as a derivative action plaintiff has likewise expired.